UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CARMACK,

        Plaintiff,

v.

Case No. 12-cv-11669
HON. GEORGE CARAM STEEH

THE BANK OF NEW YORK MELLON, AS
TRUSTEE FOR THE CERTIFICATE HOLDERS
CWALT, INC. ALTERNATIVE LOAN TRUST
2005-J12 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-J12;
COUNTRYWIDE HOME LOANS, INC.; BANK OF
AMERICA, NA,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (#5)

### I. INTRODUCTION

On March 20, 2012, plaintiff filed the instant action in the Wayne County Circuit Court challenging his mortgage foreclosure. Plaintiff seeks an order from this court invalidating the sheriff's sale and granting him all legal title to the property. He also raises claims of conversion, slander of title and breach of contract. On April 13, 2012, defendants, Bank of New York Mellon, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2005-J12 Mortgage Pass-Through Certificate Series 2005-J12 ("BNYM"); Countrywide Home Loans, Inc. ("Countrywide"); and Bank of America, N.A. ("BANA"), removed the instant matter to this court.

Presently before the court is defendants' motion to dismiss, filed on April 20, 2012. The parties have briefed their respective positions, and a hearing was held on June 20, 2012. For the reasons that follow, the court grants defendants' motion to dismiss.

## II.     BACKGROUND

On October 29, 2001, plaintiff entered into a mortgage loan transaction with Countrywide for real property located at 23670 Hall Road, Woodhaven, Michigan. As security for the loan, plaintiff executed a promissory note in the amount of $348,000.00, as well as a mortgage on the property. The mortgage was recorded on January 15, 2002 with the Wayne County Register of Deeds, in Liber 35402, Page 1510. The mortgage designates Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee "acting solely as a nominee for Lender and Lender's successors and assigns." See Defs.' Mot., Ex. B at 1. At an unknown time thereafter, the note was placed into a securitized Real Estate Mortgage Investment Conduit ("REMIC") trust named CWALT, Inc. Alternative Loan Trust 2005-J12 Mortgage Pass-Through Certificates, Series 2005-J12.

On October 12, 2009, MERS executed an assignment of mortgage, assigning its interest in the mortgage to BNYM as trustee for the certificate holders CWALT, Inc. Alternative Loan Trust 2-005-J12 Mortgage Pass-Through Certificates, Series 2005-J12. See Defs.' Mot., Ex. C. The assignment was recorded on November 5, 2009 with the Wayne County Register of Deeds, in Liber 48199, Page 1121.

In 2006, plaintiff defaulted on his payment obligation under the note and mortgage. As a result, the property was sold at a sheriff's sale on September 7, 2011. At the sale, BNYM purchased the property for $503,456.08 and received a sheriff's deed.

III.   STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." Id. at 336. If the motion is treated as one for summary judgment, all parties must be given a reasonable

opportunity to present all the material that is relevant to the motion.

### IV.     ANALYSIS

Defendants argue that plaintiff has lost all right, title and interest in the subject property because he failed to redeem the property within the statutory redemption period. Defendants are correct that plaintiff's claims are subject to dismissal because the redemption period has expired. Once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Systems, No. 07-725429, 2009 WL 1507342, *1 (Mich. App. May 28, 2009). The former owner therefore lacks the right to assert claims with respect to the property. Id.

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. MICH. COMP. LAWS § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. MICH. COMP. LAWS § 600.3236. In this case, the sheriff's sale occurred on September 7, 2011. Thus, the redemption period expired six months later, on March 7, 2012. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342, at *1(emphasis added)(citing Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 N.W.2d 784 (1969)).

While it is true that the Michigan Supreme Court in Reid v. Rylander, 270 Mich. 263, 267, 258 N.W. 630 (1935) held the validity of a foreclosure sale could be tested during a summary proceeding, the only matters that may be challenged during a summary

proceeding are purely procedural matters. Id. Specifically, the Reid court held that:

> We again hold that validity of the sale may be tested in a summary proceeding based thereon, in so far as invalidity thereof appears in the procedure, but underlying equities, if any, bearing on the instrument, legal capacity of the mortgagee or trustee, and other matters . . . cannot be made triable issues in a summary proceeding.

Id. Therefore, plaintiff is not permitted, as he tries to do here, to challenge the capacity of the foreclosing mortgagee or to raise any other challenges except challenges to the foreclosure procedure.

Further, plaintiff has not made a clear showing of fraud or irregularity in the foreclosure process sufficient to justify extension of the redemption period. Rather, plaintiff's claims rely on alleged improprieties in the assignment of the mortgage, to which he was not a party. A non-party cannot challenge a mortgage assignment. Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 399 F. App'x 97, 102 (6th Cir. 2010). While the Livonia Properties Holdings court held that "[a]n obligor may assert as a defense any matter which renders the assignment absolutely invalid[, such as] nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment." Id. This exception to the rule occurs when an obligor has no protection "from having to pay the same debt twice." Id. The exception is inapplicable here because plaintiff does not allege he requires protection from having to pay the same debt twice.

Additionally, a foreclosure completed by MERS or an assignee of MERS, such as BNYM, is permitted under the foreclosure by advertisement statute. See Residential Funding Co., LLC v. Saurman, 490 Mich. 909, 909; 805 N.W. 2d 183 (2011). The Saurman court held that MERS or an assignee of MERS can complete a foreclosure by advertisement because "it is the owner . . . of an interest in the indebtedness secured by

the mortgage." Id. A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute. See Bakri v. Mortgage Electronic Registration System, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011). Here, MERS assigned the mortgage to BNYM, and as recognized by the Michigan Supreme Court, this assignment vested BNYM with authority to initiate foreclosure proceedings.

Plaintiff makes the novel argument that BNYM had no right to an interest in the property because the CWALT, Inc. Alternative Loan Trust 2005-J12 is a "passive trust," therefore Michigan Compiled Laws §555.5 prevents BNYM from foreclosing on the property because it can have no interest in the subject property on behalf of a passive trust. The court need not determine whether the trust is passive, or active as defendants argue, because plaintiff's reliance on Michigan Compiled Laws § 555.5 is misplaced as the statute does not apply to conveyances to existing trusts, which occurred here, rather it pertains to conveyances that purport to create trusts without trust duties. See MICH. COMP. LAWS § 555.5 (governing disposition of lands "to the use of, or in trust for" another person). Here, no conveyance created the trust, neither the assignment of mortgage nor the sheriff's deed were to BNYM to hold "in trust" for the beneficiaries, but were to BNYM as "trustee" under the already existing CWALT trust, with the relationships and duties set forth in the CWALT Trust's Pooling and Servicing Agreement. See Defs.' Mot., Ex. C.

Plaintiff's argument that when the note was transferred to the CWALT trust, it was split from the mortgage because the trust is not a MERS member is without merit. The Michigan Supreme Court appears to reject the argument that separation of the note from the mortgage invalidates an assignee's rights to foreclose:

> Under the settled law of this State, the mortgage and the note are to be construed together. The rule is well-settled that the mortgagee has a lien on the land to secure the debt. It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. The choice of a mortgagee is a matter of convenience. Indeed, in interpreting predecessor foreclosure-by-advertisement statutes, in cases in which the mortgagee had transferred a beneficial interest, but retained record title, this Court has unanimously held that only the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

Saurman, 490 Mich. at 909-10. Consistent with the Saurman decision, BNYM had the right to receive the assignment of plaintiff's former mortgage, and to foreclose upon it because plaintiff defaulted on his payment obligations under the note and mortgage. Likewise, plaintiff's argument that when the note was transferred to the REMIC trust, the mortgage necessarily followed with it, and "[b]y virtue of this unrecorded assignment, Defendants have failed to satisfy MCL 600.3204(3) because there is not a record chain of title to the Mortgage" is without merit. Resp. at 12. In Livonia Properties Holdings, the Sixth Circuit Court of Appeals concluded that the notion that a mortgage may only be foreclosed upon in Michigan if every interim assignment between the original lender and the foreclosing party is part of the public record "is not in accordance with the case law." 399 F. App'x at 100.

Therefore, based on the foregoing, plaintiff's complaint is dismissed. Plaintiff defaulted on his loan, failed to redeem his property within the statutory redemption period, and his allegations do not fall within the "clear showing of fraud, or irregularity" exception noted in Overton. Plaintiff has not alleged a plausible claim that the foreclosure sale should be set aside.

## V. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED.

Dated: June 25, 2012

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 25, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---